## CARLSON and Others v. MUTUAL RELIEF ASSOCIATION.

### No. 8198; March 23, 1885.

6 Pac. 395.

**Appeal.—Where There is a Substantial Conflict in the Evidence** on a material issue, the finding of the jury will not be disturbed.

**A Verdict, if Justified by the Evidence,** is not contrary to law.

**Appeal—Harmless Error.—**Reversal will not be Granted for errors in the admission of evidence which do not affect the substantial rights of the appellant.

APPEAL from the Superior Court of the County of Mendocino.

E. S. Lippitt for appellant; T. L. Carothers for respondents.

SHARPSTEIN, J.—Two of the grounds of the motion for a new trial in this case are that the evidence is insufficient to sustain the verdict, and that it is against law.

The action was brought by the heirs of Elizabeth Carlson, deceased, to recover the sum which it is alleged the defendant agreed to pay, on the death of the said Elizabeth Carlson, to her heirs. The plaintiffs' right to recover depends on deceased being a member of the defendant association at the time of her death. If previous to her death she paid all the assessments of which she had notice, then she was a member when she died. That was a question, and the only question, which the jury had to determine; and if there was any substantial conflict in the evidence on it, this court will not disturb the order denying the motion for a new trial.

The by-laws of the defendant provide that a member shall have twenty days within which to pay an assessment after notice of it; and if he do not pay within that time he may retain his membership by paying one dollar and twenty-five cents within the next twenty days. But if nothing be paid within forty days after the first notice, the person so in default ceases to be a member. Defendant's rules require all notices to be delivered to a member or sent by mail. In this case it is not

claimed that any notice was delivered. The insistence is that the notices to which the deceased was entitled were sent by mail. Defendant's secretary testified that his assistant, Mr. Gilbert, did the mailing. The latter, on his direct examination, stated that he duly mailed the notices to which deceased was entitled; but on being asked on his cross-examination if he could testify that he actually mailed any notices to Mrs. Carlson, the deceased, he answered, "No, I cannot." He further stated that he had no means of knowing whether the notices were received by the parties to whom sent.

The surviving husband of the deceased did not testify as clearly as we think he might have done in regard to the receipt of notices of assessments, but he certainly denied that notices of the unpaid assessments were received in the lifetime of the deceased. The defendant claims that the notices were duly mailed. It was incumbent on it to prove that they were; and the only person who was introduced to prove that fact said he could not testify to it.

It is too plain to admit of argument that this court, on evidence of such a character, cannot hold that the jury were bound to find that notices of the unpaid assessments were duly mailed to the deceased in her lifetime; a fortiori that the court erred in denying the motion for a new trial on the ground of insufficiency of the evidence to justify the verdict. If the verdict was justified by the evidence it was not against law. The notice sent out for Mrs. Carlson after her death, and the forwarding of money to the defendant by the husband, thereafter, were immaterial circumstances, and the admission of evidence to prove them could not, we think, under the charge and instructions of the court, have prejudiced the defendant. And as we cannot see that the error, if such it was, could possibly have affected the substantial rights of the parties, it is the duty of the court to disregard it.

Judgment and order affirmed.

We concur: Myrick, J.; Thornton, J.